MEMORANDUM **
Petra Estrada-Mendoza (“Estrada”) petitions for review from the Board of Immigration Appeals’ (“BIA”) decision dismissing her appeal from the Immigration Judge’s (“IJ”) denial of her application for adjustment of status. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.
Estrada contends that the IJ erred in refusing to grant her a further continuance at her June 12, 2003 and subsequent hearings to provide more time for the adjudication of her pending Alien Relative Petition (“1-130”), which Estrada’s U.S.-citizen husband filed on her behalf in October 2002. The BIA correctly ruled that, because Estrada is not grandfathered into 8 U.S.C. § 1255(i) and thus is ineligible to adjust her status under that section,[1] the pendency of her 1-130 was irrelevant to the proceedings before the IJ. Therefore, the pending petition was not a legitimate basis for a continuance.
Next, Estrada argues that she was denied her statutory and constitutional right to counsel when the IJ denied her motion to continue on June 2, 2004 — the final day of the proceedings. Estrada’s motion was premised on the ground that her newly-hired counsel was unfamiliar with her case. The BIA correctly rejected this argument because at the previous hearing on May 18, 2004, Estrada’s then attorney effectively rested her case. The June 2 hearing was set only for the IJ to render his formal decision. We also note that Estrada was represented throughout the more than four years of proceedings in immigration court.
Estrada contends that she was denied due process when the IJ refused to reinstate her application for cancellation of removal on the last day of the proceedings. A year earlier, in June 2003, Estrada’s prior counsel withdrew her cancellation application with prejudice because “[tjhere [was] a physical presence issue. And [that attorney] also recognize[d] that there [were a] significant number of other issues with regard to the [cancellation application].” The IJ’s refusal to reinstate her cancellation application did not render the proceedings fundamentally unfair because, at the time she sought reinstatement, the cancellation application had been withdrawn with prejudice for nearly a year. And, notwithstanding any merit that she now advances vis-a-vis her application, the record supports the BIA’s conclusion that the withdrawal was a tactical decision by Estrada’s attorney.
Estrada also argues that her attorney’s withdrawal of her cancellation application *436 constituted ineffective assistance of counsel. The BIA addressed this issue only insofar as it concluded that Estrada failed to fully articulate the claim, as she intended to make it in a separate filing. Because Estrada concedes that she did not fully develop this claim before the BIA, we do not address it here.
Estrada was not denied due process in the aggregate, and her remaining challenges to the BIA’s decision are without merit.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. In a published opinion filed concurrently with this memorandum disposition, we hold that Estrada is not grandfathered into 8 U.S.C. § 1255(i) based upon her registration for the Replenishment Agricultural Workers program. See Landin-Molina v. Holder, 580 F.3d 913 (9th Cir.2009).